UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYAN HILLMAN                                              CIVIL ACTION

VERSUS                                                     No. 23-659

SOUTHERN INSULATORS,                                       SECTION I
LLC ET AL.

### ORDER & REASONS

Before the Court is plaintiff Bryan Hillman's ("Hillman") motion[1] for a default judgment against defendant Christopher Mizell ("Mizell"). For the reasons that follow, the Court denies the motion without prejudice.

## I. BACKGROUND

The petition filed by Hillman in the 22nd Judicial District Court for the Parish of St. Tammany names both Mizell and Southern Insulators, LLC ("Southern Insulators") as defendants.[2] According to Hillman, he and Mizell were both employed by Southern Insulators in Covington, Louisiana.[3] On or about January 5, 2022, Hillman alleges that he "was violently attacked" by Mizell while at work.[4] The attack was allegedly "unprovoked by Hillman" and "made with malice and with the intent on the part of Mizell to severely injure and maim Hillman."[5] Immediately prior to the attack, Mizell was meeting with the manager of Southern Insulators.[6] The petition

---

[1] R. Doc. No. 19.
[2] R. Doc. No. 1-2, ¶ 1.
[3] *Id.* 5–6.
[4] *Id.* ¶ 7.
[5] *Id.* ¶ 8.
[6] *Id.* ¶ 9.

states that, "[o]n information and belief, the attack was precipitated by Hillman reporting Mizell for threatening Hillman with violence on several occasions[.]"[7] At all relevant times, Hillman alleges that he and Mizell "were in the course and scope of their employment with Southern Insulators[.]"[8]

The petition states that Southern Insulators is "vicariously liable under La. [Civ. Code] 2320 for the actions of its employee, Christopher Mizell and the resulting damages to Bryan Hillman."[9] According to the petition, Southern Insulators "failed to take any action to protect Hillman from Mizell's acts despite being aware of Mizell's violent propensities and threats toward Hillman[.]"[10] The petition also alleges that Hillman suffered numerous damages as a direct result of the attack.[11]

On February 22, 2023, Southern Insulators removed this matter to federal court on the basis of diversity jurisdiction.[12] The petition was served upon Mizell on March 3, 2023.[13] Responsive pleadings were due on March 24, 2023.[14] Mizell has not filed any response.[15] On June 15, 2023, the Clerk of Court signed an entry of default against Mizell.[16] A copy of the motion for entry of default judgment was mailed to

---

[7] *Id.* ¶ 10.
[8] *Id.* ¶ 11.
[9] *Id.* ¶ 12.
[10] *Id.* ¶ 13.
[11] *Id.* ¶ 15.
[12] R. Doc. No. 1.
[13] R. Doc. No. 19-2, ¶ 2.
[14] *Id.* ¶ 3.
[15] *Id.*
[16] R. Doc. No. 17.

Mizell on August 21, 2023.[17] Hillman subsequently filed the instant motion for a default judgment.[18] Neither defendant has responded to the motion.

## II.   LAW & ANALYSIS

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required period. Fed. R. Civ. P. 55(b). Before seeking a default judgment, the plaintiff must petition the clerk for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotation marks omitted). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Hillman has satisfied the requirements of Rule 55(a), as the clerk of court has issued an entry of default against Mizell.[19]

After the clerk has entered a default, the plaintiff may move for a default judgment under Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014). The U.S. Court of Appeals for the Fifth Circuit has laid out a two-part test to determine whether a default judgment should be entered. First, the

---

[17] R. Doc. No. 19-3 (affidavit of service via long arm).
[18] R. Doc. No. 19.
[19] R. Doc. No. 17.

3

court determines whether a default judgment is appropriate under the circumstances, considering several factors, including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "Second, the court must assess the merits of a plaintiff's claims and find a viable claim for relief." *AR Factoring, LLC v. Commonwealth Applied Silica Techs., LLC*, No. 19-1906, 2020 WL 2128474, at *1 (E.D. La. May 5, 2020) (Guidry, J.) (citing *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975)).

On a motion for default judgment, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* at *2 (citing *Nishimatsu*, 515 F.2d at 1206). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotation marks and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis*

4

*v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation marks and citation omitted).

Importantly for purposes of the present motion, "[i]nconsistent default judgments, like inconsistent judgments more generally, are strongly disfavored. When a case involves multiple defendants, courts may not grant default judgment against one defendant if doing so would conflict with the position taken by another defendant." *Escalante v. Lidge*, 34 F.4th 486, 495 (5th Cir. 2022) (citation omitted); *see also Mack Financial Servs. v. Ackel*, No. 20-2814, 2021 WL 2267660, at *2 (E.D. La. June 3, 2021) (Lemelle, J.) (citing *Gen. Elec. Cap. Corp. v. Arnoult*, No. 99-2411, 2002 WL 32856, at *2 (E.D. La. Jan. 9, 2002)). As the Fifth Circuit has explained, this principle traces back to *Frow v. De La Vega*, 82 U.S. 552 (1872). *Id.* In that case, the Supreme Court recognized that "granting a default judgment against one defendant would raise the possibility that the remaining defendants would show the allegations underlying that judgment were false, a result that the Court dismissed as 'unseemly and absurd.'" *Id.* (quoting *Frow*, 82 U.S. at 554).

Since *Frow*, "a general rule has developed that, when one of multiple defendants who is facing a joint liability action has defaulted, judgment should not be entered against him until the matter has been adjudicated as to all defendants, or all defendants have defaulted." *Underwriters at Lloyds v. Turtle Creek P'ship, Ltd.*, 08-cv-3044, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2010). The rule applies when

the liability is joint and several, and can even "be extended to situations in which several defendants have closely related defenses." *Id.* at *3 (quoting 10A Charles Alan Wright et al., *Federal Practice & Procedure* § 2690 (3d ed. 1998)). Other sections of this Court have found that "[i]t is not proper to enter judgment against one defendant when there are multiple defendants that are 'similarly situated' because of the risk of inconsistent judgments." *Ackel*, 2021 WL 2267660, at *2 (quoting *Arnoult*, 2002 WL 32856, at *2).

Hillman's petition names both Southern Insulators and Mizell as defendants. The allegations concern both Southern Insulators and Mizell, and the petition requests a judgment against defendants, "jointly, severally and *in solido*."[20] Southern Insulators has filed an answer to Hillman's petition.[21] Accordingly, because there is another defendant in this case who has answered—Southern Insulators—and because Hillman seeks a judgment against both defendants "jointly, severally, and *in solido*," it would be improper to enter a default judgment against Mizell at this stage in the litigation. *See Underwriters at Lloyds*, 2010 WL 5583118, at *2. Mizell and Southern Insulators are "similarly situated" because several of the defenses raised in Southern Insulators' answer may also apply to Mizell. *See Ackel*, 2021 WL 2267660, at *2. Some of these defenses include the statute of limitations, after-acquired evidence, contributory and/or comparative fault, unclean hands, and failure to make reasonable efforts to mitigate physical and medical expense damages, if any.[22]

---

[20] R. Doc. No. 1-2, at 8.
[21] R. Doc. No. 4.
[22] *See generally id.*

Entering a default judgment against Mizell while Southern Insulators litigates these kinds of issues presents a risk of inconsistent judgments. *See Ackel*, 2021 WL 2267660, at *2; *Arnoult*, 2002 WL 32856, at *2.

Accordingly, the Court finds that it would be improper at this stage to enter a default judgment against Mizell. Hillman has obtained the clerk's entry of default as to Mizell and need not proceed any further as to Mizell at this time. As appropriate, Hillman may re-file this motion when the case no longer presents a risk of inconsistent judgments.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Hillman's motion for a default judgment is **DENIED WITHOUT PREJUDICE** to his right to re-urge it as appropriate at a later date.

New Orleans, Louisiana, November 21, 2023.

                              **LANCE M. AFRICK**
                       **UNITED STATES DISTRICT JUDGE**